IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JACK RAY AUSTIN,

    Petitioner,

v.                                                                                                                                        No. 1:18-cv-01061-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On April 9, 2018, Petitioner, Jack Ray Austin, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (Docket Entry ("D.E.") 1.) Petitioner subsequently filed a motion for an expedited ruling on the Petition, (D.E. 4), which the Court denied on June 26, 2018, (D.E. 6). By that same order, the Court directed Respondent, the United States of America, to respond to the Petition within twenty-eight days. (D.E. 6.) On June 29, 2018, the inmate filed a notice of appeal. (D.E. 7.) The notice of appeal does not identify the order being appealed. The Court assumes that Austin is appealing the June 26, 2018 order because that is the only order entered to date.

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). "Although the statutory language provides that a certificate of appealability is required for an appeal from a final order, the requirement of a certificate of appealability may apply to interlocutory appeals." *Lordi v. Ishee*, 22 F. App'x 585, 585-86 (6th Cir. 2001). The Court therefore considers whether to issue a COA for the June 26, 2016 order.

A COA may issue only if the petitioner has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the motion for an expedited ruling and to order Respondent to file a response to the Petition within twenty-eight days. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in*

*forma pauperis* is therefore DENIED.[1]

      IT IS SO ORDERED this 5th day of July 2018.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.